IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KAMERRAN T. FRYER ,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**USD 500,** )<br>)<br>**Defendant.** )<br>) | Case No. 14-2463-CM |

### MEMORANDUM AND ORDER

Plaintiff Kamerran T. Fryer brings this case alleging that his employer—defendant USD 500—discriminated against him on the basis of race and gender. Defendant moved to dismiss the case (Doc. 6). Plaintiff failed to timely respond to defendant's motion, and the court ordered plaintiff to respond by November 12, 2014, and show cause why the court should not grant the motion as uncontested. Again, plaintiff failed to respond. The court now considers the motion without the benefit of a response by plaintiff.

Plaintiff brings this suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. Plaintiff completed a form complaint (supplied by this court) to bring suit, and checked boxes indicating that he claims discrimination on the basis of his race and gender. But the complaint contains no allegations to support plaintiff's claim of race discrimination. It even fails to identify plaintiff's race. That claim is dismissed without further discussion.

In reviewing plaintiff's gender discrimination claim, the court must determine "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl.Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). The court will dismiss the claim if the complaint does not "give the court

reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* Plaintiff must "nudge[] [his] claims across the line from conceivable to plausible" to avoid dismissal. *Twombly*, 550 U.S. at 570. Although plaintiff is not required to establish a prima facie case for his claim, he must still set forth a plausible claim. *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

The court is mindful of the fact that plaintiff proceeds pro se. Because of plaintiff's pro se status, the court affords him some leniency in construing his complaint. *Asselin v. Shawnee Mission Med. Ctr., Inc.*, 894 F. Supp. 1479, 1484 (D. Kan. 1995) (citation omitted). The court may not, however, assume the role of advocate for plaintiff simply because he is proceeding pro se. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citations omitted). Nor should the court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citation omitted).

Plaintiff's complaint lacks any factual basis for relief. Plaintiff merely states, "When I filed complaints with my administrator the complaints [were] never responded to. When complaints about me [were] filed the complaints [were] followed through and write ups and threats of discipline [were] recorded. I was touched by a female employee on two occasions and nothing was done." (Doc. 1 at 3.) Plaintiff attached two identical charges of discrimination to his complaint. These charges allege that a female nurse touched his chest and that his complaints about the touching were ignored.

Had plaintiff responded to defendant's motion, he may have asked to amend his complaint or may have explained why these facts are sufficient to state a claim. But plaintiff did not respond. He provided the court only with his bare allegations that he was touched by a female nurse and defendant

-2-

-3-

did not respond to his complaints.  These allegations—standing alone—are insufficient to support a claim that defendant discriminated against plaintiff because of his gender.

**IT IS THEREFORE ORDERED** that Defendant Unified School District No. 500's Motion to Dismiss (Doc. 6) is granted.

The case is closed.

Dated this 17th day of December, 2014, at Kansas City, Kansas.

       s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**